IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WANDA McCANN-SMITH,

                                                                                  ORDER

                Plaintiff,

                                                                     10-cv-546-slc[1]

      v.

ST. MARY'S HOSPITAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WANDA McCANN-SMITH,

                                                                                 ORDER

                Plaintiff,

                                                                     10-cv-547-slc

      v.

MERITER HOSPITAL,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      These are proposed civil actions for monetary relief in which plaintiff Wanda McCann-Smith contends that defendant St. Mary's Hospital and Meriter Hospital wrongfully terminated her employment and treated her differently from other employees because of her race, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. In a November 24, 2010 order, I stayed both of these cases so that plaintiff could pursue

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over these cases.

administrative remedies with the Equal Employment Opportunities Commission.  That was an error, as I will explain below.  I will give plaintiff the option of voluntarily dismissing these cases and filing new complaints.

PROCEDURAL HISTORY

A. Case no. 10-cv-546-slc

Plaintiff submitted a complaint in this case on September 22, 2010.  Dkt. #1.  I granted her leave to proceed in an October 7, 2010 order.  Dkt. #4.  On October 14, 2010, plaintiff filed a letter stating that she wished to "withdraw [her] federal action . . . until a decision will be reached in the matter.  Then [she] will continue [her] claim in federal court."  Dkt. #5.  I understood her to be seeking voluntary dismissal of the case in order to seek a remedy from the Equal Employment Opportunities Commission, but her statement that she would "continue" her claim made it unclear whether she really sought immediate voluntary dismissal.  In an October 19 order, I explained to plaintiff that once the court accepted her notice of voluntary dismissal, she would not be able to reopen her lawsuit under the same case number.  Dkt. #6.  I gave plaintiff until November 1, 2010 to inform the court whether she would prefer to stay the case.  Plaintiff failed to respond by that deadline, so on November 8, 2010 I directed the clerk of court to close the case.  Dkt. #7.

That same day, plaintiff filed a letter in case no. 10-cv-547-slc containing language similar to that in her letter in case no. 10-cv-546-slc, leaving it unclear whether she was aware that voluntary dismissal of the case would force her to file a new lawsuit if she wished

2

to pursue her claims later. Then, on November 17, 2010, plaintiff filed a motion to stay the case rather than see it voluntarily dismissed. Dkt. #8. She stated that she "was informed by an attorney to dismiss [her claims in this court] until a final decision was reached in both cases." I took this to mean that she was pursuing a remedy from the Equal Employment Opportunities Commission. In a November 24, 2010 order, I construed plaintiff's motion as one brought under Fed. R. Civ. P. 60(b). Dkt. #9. I concluded that defendant St. Mary's Hospital would not be prejudiced if the case was reopened and stayed while plaintiff pursued administrative remedies, so I granted the motion.

On January 5, 2011, plaintiff filed her right-to-sue letter from the EEOC, dated December 17, 2010. In a January 11, 2011 order, I reopened the case and directed the United States Marshal to serve defendant.

### B. Case no. 10-cv-547-slc

Plaintiff submitted a complaint in this case on September 22, 2010. Dkt. #1. I granted her leave to proceed in an October 7, 2010 order. Dkt. #4. Plaintiff filed a letter I construed as seeking voluntary dismissal on November 8, 2010. Dkt. #9. On November 17, 2010, plaintiff filed a motion seeking to stay the case instead. In a November 24, 2010 order, I stayed the case pending resolution of plaintiff's administrative remedies. Dkt. #13.

### DISCUSSION

In each of these cases, plaintiff Wanda McCann-Smith is proceeding on claims that

3

defendants wrongfully terminated her employment and treated her differently from other employees because of her race, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. However, a plaintiff cannot bring Title VII claims in a suit until the plaintiff has exhausted her administrative remedies with the EEOC and obtained a right-to-sue letter. Sitar v. Ind. Department of Transportation, 344 F.3d 720, 726 (7th Cir. 2003). (Claims under § 1981 do not have this exhaustion requirement. Walker v. Abbott Laboratories, 340 F.3d 471, 474 (7th Cir. 2003).)

When plaintiff's submissions raised the possibility that she had not exhausted her administrative remedies with the EEOC, I gave her the option of staying the cases until she had exhausted her administrative remedies, citing Herrmann v. Cencom Cable Associates, Inc., 999 F.2d 223, 225 (7th Cir. 1993). Reviewing Hermann, I see that this was an error. Herrmann does not lend support to the idea that a plaintiff may exhaust her administrative remedies *after* bringing her Title VII claims. Rather, Seventh Circuit precedent makes clear that "Title VII does not authorize the filing of suit until the plaintiff has exhausted his administrative remedies." Hill v. Potter, 352 F.3d 1142, 1145 (7th Cir. 2003). Thus, defendants remain free to assert plaintiff's failure to exhaust as an affirmative defense, in which case it is possible that her Title VII claims would be dismissed without prejudice.

Because my previous orders have given plaintiff the misimpression that she could proceed with her Title VII claims without having exhausted those claims before filing her complaints, I will give her another chance to choose how to proceed with each case. She can (1) continue with the cases, running the risk that defendants will move to dismiss her Title

VII claims; or (2) dismiss the cases voluntarily without prejudice, in which case she will be allowed to refile the cases once she has exhausted her administrative remedies (it seems that she could immediately refile case no. 10-cv-546-slc because she has now received a right-to-sue letter.) Plaintiff is under no obligation to choose the same option for both cases; she can choose to dismiss one and proceed with the other if that is what she prefers. To assist her with refiling her cases if she chooses to dismiss them, I will attach to this order two new complaint forms.

ORDER

IT IS ORDERED that plaintiff Wanda McCann-Smith may have until March 8, 2011 to decide whether to voluntarily dismiss without prejudice each of the above-captioned cases. If plaintiff does not respond by March 8, 2011, I will assume that she wishes to continue with the cases rather than refile them.

Entered this 28th day of February, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge