IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WANDA McCANN-SMITH,

                ORDER

               Plaintiff,

                10-cv-546-slc[1]

       v.

ST. MARY'S HOSPITAL,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WANDA McCANN-SMITH,

                ORDER

               Plaintiff,

                10-cv-547-slc

       v.

MERITER HOSPITAL,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

These are proposed civil actions for monetary relief in which plaintiff Wanda McCann-Smith contends that defendant St. Mary's Hospital and Meriter Hospital wrongfully terminated her employment and treated her differently from other employees because of her race, in violation of Title VII of the Civil Rights Act and 42 U.S.C. § 1981. In a February 28, 2011 order, I noted that I erred in previously suggesting to plaintiff that

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over these cases.

1

she could satisfy the exhaustion requirement by staying these cases and seeking administrative remedies, stating as follows:

> Because my previous orders have given plaintiff the misimpression that she could proceed with her Title VII claims without having exhausted those claims before filing her complaints, I will give her another chance to choose how to proceed with each case. She can (1) continue with the cases, running the risk that defendants will move to dismiss her Title VII claims; or (2) dismiss the cases voluntarily without prejudice, in which case she will be allowed to refile the cases once she has exhausted her administrative remedies (it seems that she could immediately refile case no. 10-cv-546-slc because she has now received a right-to-sue letter.) Plaintiff is under no obligation to choose the same option for both cases; she can choose to dismiss one and proceed with the other if that is what she prefers. To assist her with refiling her cases if she chooses to dismiss them, I will attach to this order two new complaint forms.

In response to this order, plaintiff has submitted a new complaint form similar to that in 10-cv-546-slc detailing her claims against St. Mary's Hospital and a cover letter stating that she wishes to proceed against St. Mary's, but wait until she has exhausted her administrative remedies to pursue claims against Meriter Hospital. Given plaintiff's submissions, I understand her to be choosing to voluntarily dismiss both of the current cases without prejudice and file her new complaint against St. Mary's Hospital in a brand new action. Because plaintiff relied on my previous erroneous ruling in choosing to keep these cases open, I conclude that it is appropriate to grant her request to dismiss the present cases without prejudice. Further, I will direct the clerk of court to docket plaintiff's new complaint in a new action. An order regarding plaintiff's in forma pauperis status in the new case will be forthcoming.

ORDER

IT IS ORDERED that

1.  Plaintiff Wanda McCann-Smith's request to voluntarily dismiss case nos. 10-cv-546-slc and 10-cv-547-slc is GRANTED, and these cases are DISMISSED without prejudice. The clerk of court is directed to close these files.

2.  The clerk of court is directed to docket plaintiff's new complaint in a new action.

Entered this 16th day of March, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge